Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 20 2012, 8:36 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**MARC O. ABPLANALP**
Student Legal Services
Bloomington, Indiana

ATTORNEY FOR APPELLEE:

**RICHARD W. LORENZ**
Hickam & Lorenz, PC
Spencer, Indiana

ATTORNEYS FOR APPELLEE
REVIEW BOARD:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**STEPHANIE ROTHENBERG**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CURTIS COLE, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | No. 93A02-1106-EX-510 |
| | ) | |
| REVIEW BOARD OF THE | ) | |
| INDIANA DEPARTMENT OF | ) | |
| WORKFORCE DEVELOPMENT, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| OWEN COUNTY, | ) | |
| | ) | |
| Appellees. | ) | |
| | ) | |

APPEAL FROM THE REVIEW BOARD OF THE INDIANA
DEPARTMENT OF WORKFORCE DEVELOPMENT

**February 20, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**VAIDIK, Judge**

## Case Summary

Curtis Cole appeals the decision of the Unemployment Insurance Review Board of the Indiana Department of Workforce Development ("Review Board") denying him unemployment benefits. Finding that the Review Board properly determined that Cole was discharged for just cause, we affirm.

## Facts and Procedural History

Cole was employed by the Owen County Sheriff's Department ("Department") as a jail officer from January 2009 until December 2010. Officer John Lowder was Cole's immediate supervisor. The Department's time-keeping policy was circulated to all employees and they were all given "their own disk" containing the policy. Tr. p. 15. The policy states that "[a]ccurately recording time worked is the responsibility of every non-exempt employee" and that "falsifying . . . time records . . . may result in disciplinary action, up to and including termination of employment." Ex. p. 81. However, employees regularly would show up fifteen minutes early for their shifts and not record that as time worked, and also would leave the facility with the knowledge of supervisors to get food or run other errands for short periods of time without indicating so on their time sheets. *Id.* at 166. Both practices were well known of and implicitly approved of by the employer. *Id.*

In October 2010, Cole attended jailer school in Plainfield along with one other jail officer from the Department. While he was at the school, the Owen County Auditor contacted Cole and told him that on days when he was serving in the Indiana National Guard, he would not receive any pay from Owen County because he made more from the National Guard than he did from the Department. Cole was unhappy about this and called Officer Lowder, telling him "he was gonna to [sic] make sure he put down any time hours he could on his time sheet to make sure he would, we would, pick up the difference." Appellee's App. p. 2. This alerted Officer Lowder that he needed to pay attention to Cole's timesheets. Tr. p. 18.

In November 2010, Officer Lowder noticed that Cole recorded his work as ten hours per day when he was at jailer school when everyone else who had ever attended jailer school only reported eight hours per day. Appellee's App. p. 2. Officer Lowder informed Cole that if any future time-keeping records were falsified, Cole would be terminated. *Id.* at 4.

In December 2010, Officer Lowder noticed another irregularity on Cole's timesheet from November 2, 2010. He watched the video from that day and found that Cole recorded that he had worked forty-four minutes longer than he actually worked on that date. Consistent with his previous warning, Cole was given notice and terminated from the Department.

Cole filed for unemployment compensation against Owen County and was determined to be ineligible because he was terminated for just cause. Cole appealed. The Administrative Law Judge (ALJ) conducted a hearing and determined that Cole had

3

been terminated for just cause for violating his employer's policy against falsifying time sheets. Ex. p. 167. The finding was upheld by the Review Board, which adopted the findings and conclusions of the ALJ.

Cole now appeals.

## Discussion and Decision

The Indiana Unemployment Compensation Act ("the Act") provides that any decision of the Review Board shall be conclusive and binding as to all questions of fact. Ind. Code § 22-4-17-12(a). When the Review Board's decision is challenged as contrary to law, the reviewing court is limited to a two-part inquiry into (1) the sufficiency of the facts found to sustain the decision and (2) the sufficiency of the evidence to sustain the findings of fact. Ind. Code § 22-4-17-12(f). Under this standard, courts are called upon to review: (1) determination of specific or basic underlying facts; (2) conclusions or inferences from those facts, or determinations of ultimate facts; and (3) conclusions of law. *Chrysler Group, LLC v. Review Bd. of Ind. Dep't of Workforce Dev.*, 960 N.E.2d 118 (Ind. 2012). The Review Board's findings of basic fact are subject to a "substantial evidence" standard of review. *Id.* In this analysis, the appellate court neither reweighs the evidence nor assesses the credibility of witnesses and considers only the evidence most favorable to the Review Board's findings. *Id.* The Review Board's conclusions as to ultimate facts involve an inference or deduction based on the findings of basic fact. *Id.* Accordingly, they are typically reviewed to ensure that the Review Board's inference is "reasonable" or "reasonable in light of [the Review Board's] findings." *Id.* at 1318. Legal propositions are reviewed for their correctness. *Id.*

The Act was enacted to "provide for payment of benefits to persons unemployed through no fault of their own." Ind. Code § 22-4-1-1; *P.K.E. v. Review Bd. of Ind. Dep't of Workforce Dev.*, 942 N.E.2d 125, 130 (Ind. Ct. App. 2011), *trans. denied*. An individual is disqualified for unemployment benefits if he or she is discharged for "just cause." Ind. Code § 22-4-15-1; *P.K.E.*, 942 N.E.2d at 130. As set forth in Indiana Code section 22-4-15-1,

> (d) "Discharge for just cause" as used in this section is defined to include but not be limited to:

> \* \* \* \* \*

> (2) knowing violation of a reasonable and uniformly enforced rule of an employer. . . .

When an employee is alleged to have been discharged for just cause, the employer bears the burden of proof to make a prima facie showing of just cause. *P.K.E.*, 942 N.E.2d at 130. Once the employer meets its burden, the burden shifts to the employee to rebut the employer's evidence. *Id.*

Here, the ALJ found that Cole was terminated for violating Owen County Personnel Policy 913 that prohibits the falsification of time sheets. The Review Board adopted the ALJ's findings and conclusions. Cole contends that the Review Board erred in determining that he was terminated for just cause because he did not knowingly violate one of his employer's rules, and the rule that he is alleged to have violated is not uniformly enforced. We disagree.

At the hearing before the ALJ, Officer Lowder, the jail commander for the Department, testified that the time-keeping policy was circulated to all employees and

5

they were all given "their own disk" containing the policy. Tr. p. 15. A memo articulating the policy admitted at the hearing states that "[a]ccurately recording time worked is the responsibility of every non-exempt employee," and that "falsifying . . . time records . . . may result in disciplinary action, up to and including termination of employment." Ex. p. 81. It was concluded that Cole was aware of the policies that were in place regarding time-keeping. *Id.* at 165.

Cole, however, contends that he did not knowingly violate the time-keeping policy. Rather, he argues that he had a known routine of filling out his time card at the end of the week or the pay period and that he must have just made a simple mistake. Tr. p. 60, 63. However, in October 2010, Cole had been informed by the County Auditor that he would not be receiving additional compensation from the County on days when he was in the Indiana National Guard because he made more with that agency than at his job with the Department. Cole's reaction was to tell Officer Lowder that "he was gonna to [sic] make sure he put down any time hours he could on his time sheet to make sure he would, we would, pick up the difference." Appellee's App. p. 2. Cole then recorded his work as ten hours per day when he was at jailer school when everyone else who had ever attended jailer school reported only eight hours per day. *Id.* Officer Lowder informed Cole that if any future time-keeping records were falsified, Cole would be terminated. *Id.* at 4.

Just one month later, Officer Lowder noticed that there were irregularities with Cole's time sheet again. After watching the video from the day in question, Officer Lowder realized that Cole had actually worked forty-four minutes less than he had

recorded working. After observing the witnesses testifying to these facts and in light of the timing of this alleged mistake, the ALJ made a reasonable inference that Cole knowingly violated his employer's time-keeping policy. The Review Board did not err in adopting this finding.

Finally, Cole contends that the time-keeping policy was not uniformly enforced. In *General Motors Corporation v. Review Board of Indiana Department of Workforce Development*, we held that enforcement is uniform when it "is carried out in such a way that all persons under the same conditions and in the same circumstances are treated alike." 671 N.E.2d 493, 498 (Ind. Ct. App. 1996). In this case, "[t]he evidence does not establish the employer had knowledge of anyone else reporting hours worked which were before they started work or after they left for the day, so the rule was uniformly enforced." Ex. p. 167. Therefore, there were no other employees were under the same circumstances as Cole and not terminated, so there is no evidence that the rule was not uniformly enforced.

Cole, however, argues that this cannot be true because other individuals falsified their time and were not terminated from their positions. Appellant's Br. p. 14-15. But, at the hearing it was found that

> even though the claimant and other employees worked the extra fifteen minutes [before their shifts began], it was not accurately reported on their time cards. The *employer was aware* that employees were working an extra fifteen minutes and not reporting it, but the employer was not aware of anyone who was reporting hours as worked that they were not working.
>
> Employees frequently left the facility *with the knowledge of supervisors* to get food or run other errands for short periods of time and they were never disciplined for that.

7

Ex. p. 166 (emphasis added). The employer, therefore, was not aware of and had not implicitly approved of Cole's behavior of showing up late and leaving early, as he had done for employees showing up early for shifts and leaving the facility with knowledge of supervisors to get food or run other errands.

Since the employer was aware of these practices and therefore implicitly approved of them, it was found that "while [it] is not ethical or perhaps even legal, if the employer believed it was proper and had directed employees to report time in that manner it would not be a falsification . . . ." *Id.* at 167. Considering the evidence most favorable to the Review Board's decision and the reasonable inferences drawn from that evidence, we cannot say that it was error to find that this rule was uniformly enforced. The Review Board properly found that Cole falsified his time sheet and was therefore discharged for just cause.

Affirmed.

ROBB, C.J., and NAJAM, J., concur.